FILED

23 JAN -3 PM 1:33

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____CR_____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CRAIG A. WASHINGTON, AND OTHERS SIMIARLY SITUATED INDIVIDUALS<br>Plaintiffs,<br><br>v.<br><br>THE STATE BAR OF TEXAS;<br>ITS BOARD OF DIRECTORS;<br>THE COMMITTEE ON LAWYER DISCIPLINE; JUDITH DEBERRY;<br>JANE DOE; AND GEORGE GALLAGHER<br>Defendants, | § § § § § § § § § § § § § § § | No. 1:23CV00004<br><br>RP<br><br>JURY DEMANDED |

## COMPLAINT

**To the Honorable Judge and Jury of Said Court:**

This suit is brought by Plaintiff, Craig A. Washington, individually and on behalf of other similarly situated men and black men attorneys who have been subject to discipline by the State Bar of Texas (hereafter SBOT) for the following reasons:

### I. PARTIES

1. Plaintiff is a Texas resident who lives in Bastrop, Bastrop County, Texas.

2. Defendant, State Bar of Texas (SBOT) is an involuntary association of attorneys who were admitted to the State Bar by the Supreme Court of Texas.

3. Defendant, The State Bar Board of Directors consists of attorneys appointed or elected to serve on said Board.

4. Defendant, The Committee on Lawyer Discipline (Grievance Committee) consists of attorneys appointed or elected to serve on said Committee.

5. Defendant, Judith DeBerry, is an attorney-employee of the State Bar, its Board, and its Committee.

6. Defendant, Jane Doe, is an attorney-employee of the State Bar, its Board, and its Committee.

7. Defendant, George Gallagher, is a Texas State District Judge elected in Tarrant County, who is assigned, from time-to-time to preside over Trials where the Grievance Committee is put to Trial.

## II. JURISDICTION, VENUE AND WAIVER OF IMMUNITY

8. This court has Federal question jurisdiction over Plaintiff's alleged violations of federal discrimination laws (Civil Rights Act of 1870 ; 42. U.S.C. Sec. 1981, 1983, 1985, 1986, and 1994; and 18 Statutes at Large 335).

9. This Court has jurisdiction over Plaintiff's state-law claims arising from the same operative facts as Plaintiff's federal- law claims pursuant to 28 U.S.C. Sec. 1367.

10. Moreover, federal jurisdiction is appropriate over Plaintiff's class allegations pursuant to the Class Action Fairness Act, 28 U.S.C. Sec. 1332(d).

11. The conduct complained of in this suit concerns a general policy of conscious race discrimination, retaliation, harassment, and disparate treatment of Black attorneys and male attorneys in violation of 42 U.S.C. Sec. 1983 and others which provides a cause of action and waiver of immunity. Such conduct deprives the individual defendants of official immunity since the conduct was deliberate, willful, and clearly unlawful at the

time.

12. Venue is proper in the Western District of Texas because the events complained about in this case substantially occurred in a county within this district and, specifically, in the Austin Division. Additionally, one or more of the Defendants sued in this case resides in this division. Finally, Plaintiff has satisfied all conditions precedent to bringing the claims asserted in this case, including exhausting all pre-trial opportunities to resolve this dispute.

### III.   BACKGROUND

13. Plaintiff is licensed to practice the Art of Law in Texas.

14. Plaintiff has been frequently subjected to defendants usurping authority not granted to them by the State Bar of Act and endeavoring to govern alleged acts of misfeasance or malfeasance under the guise of ethical violations, which is the only authority granted to them.

15. Defendants have violated Amendment VII to the U.S. Constitution and the Right to a Jury Trial in all Civil Cases under the Texas Constitution.

16. Defendants have violated the Due Process Clauses of the both The U.S. and Texas Constitution by establishing a system which allows unfettered discretion in the determination of sanctions and punishment for alleged violations.

### IV.   CLASS ACTION ALLEGATIONS

17. Plaintiff also seeks to represent the following Class of Individuals:
    a) All Black American Attorneys ever licensed by SBOT who were or continue to be discriminated against by Defendants.

b) All male attorneys who have suffered disparate treatment because of their gender, who were or continue to be discriminated against by Defendants.

c) Excluded from the class are other similarly situated who must be represented by one of their number, but are invited to apply to this Court for a class representative.

d) Plaintiff and all others similarly situated are entitled to have this case maintained as a class action pursuant to the Federal Rules of Civil Procedure because this class is so numerous that joinder of all persons is impracticable.

## V.   VIOLATION OF THE RIGHT TO TRIAL BY JURY

18. Amendment VII to the U.S. Constitution and The Texas Constitution guarantee the Right to Trial by Jury.

19. Defendant Gallagher denied Plaintiff a fair trial by engaging in an ex-parte conversation with defendant DeBerry and defendant Doe in violation of Plaintiff's right to a fair trial, thereby violating Plaintiff's Due Process, procedurally and substantially.

20. Defendant DeBerry violated Plaintiff's rights to a fair trial by knowingly suborning perjury from two of the SBOT's witnesses.

## VI.   ATTORNEY FEES

21. Defendants' actions and conduct as described herein and the resulting damages and losses to Plaintiff has necessitate Plaintiff retaining the services of lawyers and law firms to investigate, initiate, and prosecute the claims in this lawsuit. Plaintiff seeks recovery of reasonable and necessary attorneys' fees under 42 U.S.C. Sec. 1988, state law, and any

other applicable law or statute as well as expenses court costs and expert witness fees.

## VII.   PRAYER AND DAMAGES

22. As a direct and proximate result of Defendants' collective conduct, Plaintiff seeks judgement against all Defendants for damages suffered in the following particulars:

   a) Lost wages and income, past, present and future;

   b) Emotional suffering, past, present and future;

   c) Stigma damages;

   d) Mental anguish damages;

   e) Punitive damages;

   f) Attorneys' fees, costs and expenses;

   g) All equitable, injunctive and declaratory relief to the extent allowed in law or in equity to which Plaintiff and the Plaintiff's class may show themselves justly entitled.

   h) Certification of such classes as the evidence may support;

   i) Plaintiff asserts his individual compensatory damages are between $6,000,000,000.00 and $12,000,000,000.00; and punitive damages should exceed $20,000,000,000.00.

Respectfully submitted,

The Craig Anthony Washington Law Firm

By: /S/Craig A. Washington
**Craig Anthony Washington**
SBN: 20901000
P.O. Box 306
Bastrop, Texas 78602
P:713-385-9060
F: 713-524-4421
washlawfirm@aol.com
**PRO SEE AND CLASS LAWYER**

## CERTIFICATE OF SERVICE

I hereby certify that no copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure through the Court's CM/ECF system.